UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CRIMINAL NO. 04-10302-WGY |
| ) | |
| EDWARD LANGEVIN          ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Edward Langevin, respectfully submits that, for the reasons outlined below, the Guideline Sentencing Range applicable to his case is the 24-30 month range articulated by the government and established by defendant's admissions at the Rule 11 hearing. Langevin moves that this Court sentence him to a term of twenty-four (24) months' imprisonment with a three-year supervised release to follow. Alternatively, Langevin submits that a sentence within the 24-30 month range is reasonable regardless of the calculated guideline sentencing range.

**PROCEDURAL HISTORY**

This Court held a change of plea hearing in this matter on December 23, 2004. An electronic copy of the transcript of the hearing is accessible as Entry No. 12 of the docket. Langevin pled guilty without benefit of a plea agreement. (Tr. 11). At the hearing, however, the Court inquired of the defendant as to whether he understood that two sentencing enhancements set forth in the indictment - a two-point enhancement for the number of guns and a two-point enhancement because the guns were stolen -

would affect his sentence. (Tr. 8-9). The Court also informed him that these enhancements, as well as the charge itself, would have to be proved to the jury beyond a reasonable doubt. (Tr. 9-10). Later during the hearing, Langevin's specific admissions to the theft of five firearms established a factual basis for the two enhancements. (Tr. 20). Before calling on the defendant to formally admit the elements of the charge and the factual basis for enhancements, the Court inquired of the government what its view of the sentencing procedure. (Tr. 12). The government stated that, given the two enhancements and a contemplated three-level reduction for acceptance of responsibility, Langevin faced "a total offense level of 15 and a criminal history category of III and therefore a range of 24-30 months." (Tr. 12-13). The Court then turned to Langevin to make clear his exposure:

> Now, I asked the lawyers to tell me really as things work out what you're looking at. Now, if they prove these six things, they, the government, prove these six things, then your level would be 18 and a criminal history category III, but my practice is if a person pleads guilty to give them the discount. And so we'll, even though I don't promised anything, we'll assume that I follow my practice which I generally do unless you commit some other crime before I sentence you or unless you've lied about something to the probation office or the like.
>
> So that takes you - - I give you the discount for pleading guilty, but as near as any of these lawyers can tell me today, <u>you're looking at two years in prison up to two and-a-half years</u>. Do you understand that?

(Tr. 13-14)(emphasis supplied).  The Court then consulted with the government, which committed to a low-end recommendation of twenty-four (24) months.  (Tr. 14-15).  The Court again turned to Langevin and inquired:

> Now, [the government] tells me if you plead guilty, even though you haven't had a formal deal, he's going to recommend the bottom of the range that I must sentence you to.  That's two years.
>
> Do you understand, I don't have to go along with that.  I'm not in any sort of bargain.  <u>I can give you up to two and-a-half years</u>.
>
> Do you understand that?

(Tr. 15)(emphasis supplied).  The Court reiterated that there were no promises made to Langevin other than the government's promise of a twenty-four (24) month sentence.  (Tr. 15).

Although Langevin admitted that he was a convicted felon during the course of the plea hearing, at no time did he admit that he had previously been convicted of a crime of violence. Nevertheless, the Probation Department established a base offense level of 20 because it deemed one of Langevin's prior convictions - a New Hampshire burglary - as a crime of violence for purposes of U.S.S.G. § 2K2.1(a).  <u>See</u> PSR ¶ 25.  This enhanced base offense level - to which Langevin did not plea - had the effect (in conjunction with its calculation that Langevin was actually in Criminal History Category V) of increasing the guideline sentencing range from the 24-30 months promised at the Rule 11

hearing to a range of 70-87 months. See PSR ¶ 114. Defendant objects to the range as calculate the Probation Department and further submits that in any event the range articulated by the government is reasonable pursuant to 18 U.S.C. § 3553(a).

**ARGUMENT**

I.  THIS COURT SHOULD FIND THAT THE APPLICABLE GUIDELINE SENTENCING RANGE IS 24-30 MONTHS IMPRISONMENT BECAUSE THAT RANGE WAS ARTICULATED BY THE GOVERNMENT AT THE HEARING AND WAS ESTABLISHED BY LANGEVIN'S ADMISSIONS AT THE RULE 11 HEARING.

At this post-Blakely, pre-Booker Rule 11 hearing, the Court took great pains to establish the world of possible enhancements and whether they were disputed. Langevin forthrightly admitted to the enhancements at issue - for the quantity (more than three) and the quality (stolen) - as well as the factual basis for the enhancements. Indeed, the two enhancements were pled in the indictment as sentencing factors. By contrast, neither the fact of, nor the "crime of violence" nature of, Langevin's previous New Hampshire conviction for burglary was pled in the indictment. Nor was Langevin asked to confirm or deny the existence of the prior conviction or the "crime of violence" nature of it that resulted in the enhancement at issue here.

In United States v. Green, 346 F. Supp. 2d 259 (D. Mass. 2004), this Court demonstrated at length the Fifth and Sixth Amendment mischief that occurs when the government fails to allege and prove a sentencing factor material to a defendant's

sentence. See id. at 289-307 (discussing the fundamental collision of the guidelines scheme as it operated "on the ground" in light of Supreme Court precedent). The Court noted the altered sentences it would be constitutionally required to impose because of the failure of the government to charge or prove, inter alia, drug quantity, relevant conduct, obstruction and other enhancements the government had urged at sentencing. Id. at 319-322. The altered sentences were required to vindicate each defendant's rights to notice, jury trial, and proof beyond a reasonable doubt. Id. at 324-325.

The Court noted that some of the most disturbing mischief occurs where, as here, the government takes positions at sentencing inconsistent with that taken at or near the opportunity for fact-finding. Id. at 329-330 (declining to impose gun enhancement where no enhancement urged at time of aborted plea agreement even though underlying facts were known to government); see also id. at 339 (noting that government was willing to propose one drug weight upon plea but urged a higher weight at sentencing.

Mr. Langevin's case, indicted after the Court's Green decision, fits squarely within the parameters of Green. The government charged and proved the substantive crime and two sentencing enhancements. Because of the notice contained in the indictment, the parties and the Court contemplated, and had a

clear expectation of, a precise sentence guideline sentencing range and an even more specific recommendation.  That the maximum sentence explicitly announced by the Court at Langevin's Rule 11 hearing - 30 months - almost tripled when calculated by the Probation Department is a direct result of the government's failure to charge or elicit admissions that the prior conviction was a crime of violence.  Cf. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, (1998)(illegal reentry after deportation enhancement survived due process review because defendant admitted prior conviction at issue).  As in <u>Green</u>, the government had - or should have had - this crucial and material information when indicting; the <u>Fifth</u> and <u>Sixth</u> <u>Amendments</u>, as well as this Court's <u>Green</u> opinion, make clear that such information must be given and proved or admitted as a necessary condition to imposing a sentence above the otherwise applicable maximum sentence.  <u>See</u> <u>United States v. Shepard</u>, 125 S. Ct. 1254 (2005)(Thomas, J., concurring) (suggesting that "[i]nnumerable criminal defendants have been unconstitutionally sentenced under the flawed rule [that prior convictions need not be alleged] of <u>Almendarez-Torres</u>"); <u>Apprendi</u> <u>v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 2362 (2000)("arguable that <u>Almendarez-Torres</u> was incorrectly decided, and that logical application of our reasoning today should apply if the recidivist issue were contested").  Consequently, the Court must hold the government to

its stated range of 24-20 months imprisonment, the sentence it articulated at the Rule 11 hearing.

II.  EVEN IF THE COURT CONSIDERS THE PROBATION DEPARTMENT'S RECOMMENDATION THAT INCLUDES CONSIDERATION OF THE PRIOR "CRIME OF VIOLENCE," A SENTENCE WITHIN THE GUIDELINE SENTENCING RANGE OF 24-30 MONTHS IMPRISONMENT IS REASONABLE PURSUANT TO 18 U.S.C. § 3553(A).

Defendant submits that a sentence in the guideline sentencing range of 24-30 months is reasonable sentence pursuant to 18 U.S.C. § 3553(a) notwithstanding the Probation Department's recommendation using the enhanced base offense level.  Under the Supreme Court's decision in United States v. Booker, 543 U.S. ____ (2005), the sentencing guidelines no longer are binding on the court.  Instead, the court should look to 18 U.S.C. § 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2).  Defendant thus submits that Booker expands the range of permissible factors well beyond those identified by the sentencing commission and allows a sentencing court greater flexibility in weighing those factors.

Here, the range 24-30 month range more accurately reflects the offense behavior, which included Langevin's efforts to ameliorate the offense by making the sales to licensed federal firearms dealers (rather than the far more dangerous proposition of selling them on the street), Langevin's cooperation in

recovering the firearms, his tragic background, his history of military service, and his history of drug abuse.  The government acknowledged as much when, after considering the results of a substantial investigation into Mr. Langevin's activities, it stated that a 24-30 month range was appropriate and that it would recommend a sentence at the low-end of that range.  In these circumstances, the Court should accept the government's explicit recognition that such a sentence is reasonable, sufficient, and not greater than necessary for Mr. Langevin.  18 U.S.C. § 3553(a).  The Court should sentence Mr. Langevin accordingly.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this court should sentence the defendant to him to a term of twenty-four (24) months' imprisonment with three years supervised release to follow with the condition that defendant be subjected to drug testing.  The Court should impose no fine.

```
                                EDWARD LANGEVIN
                                By his attorney,


                                /s/Timothy Watkins
                                Timothy Watkins
                                  B.B.O. #567992
                                Federal Defender Office
                                408 Atlantic Ave., Third Floor
                                Boston, MA  02110
                                Tel: 617-223-8061
```